<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL WITTENBURG,<br><br>Plaintiff,<br><br>v.<br><br>ANCORA PSYCHIATRIC HOSPITAL, *et al.*,<br><br>Defendants. | Civil Action No. 24-7714 (MAS) (JBD)<br><br>**OPINION** |

<u>**SHIPP, District Judge**</u>

This matter comes before the Court on Plaintiff Michael Wittenberg's *in forma pauperis* application (ECF No. 1-1) and the Court's *sua sponte* screening of Plaintiff's civil rights complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e)(2)(B). Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application is therefore granted. As Plaintiff shall be granted *in forma pauperis* status, the Court is required to screen Plaintiff's complaint and dismiss any claim that is frivolous, malicious, or fails to state a claim upon which relief may be granted. For the following reasons, Plaintiff's complaint shall be dismissed without prejudice.

**I.    <u>BACKGROUND</u>**

According to the complaint, Plaintiff was arrested by the South Amboy police in March 2018. (ECF No. 1 at 4.) Plaintiff was thereafter confined in the Middlesex County Jail for seven days and subsequently transferred to the Ann Klein Forensic Center, a secure state hospital, for psychiatric care so that he might be rendered competent to stand trial. (*Id.*) It is not clear if these

efforts were successful, but Plaintiff's criminal charges were "dismissed with prejudice [on] December 7, 2020." (*Id.*) Plaintiff was then sent to Ancora Psychiatric Hospital for further treatment and potential release. (*Id.*) According to Plaintiff, however, an intervening state law delayed his release as Plaintiff had no housing into which he could be released in 2020. (*Id.*) Plaintiff was eventually released, however. (*Id.* at 1-2.) Plaintiff contends, without supporting factual allegations, that his arrest was "unlawful" and resulted in "unlawful detention." It appears that Plaintiff seeks to raise false arrest and false imprisonment claims. (*Id.* at 4.) Plaintiff does not allege any further claims, but names as Defendants in this matter the Ancora facility, the Ann Klein facility, Middlesex County Jail, and the South Amboy Police Department. (*Id.* at 1.)

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must screen Plaintiff's complaint and *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

### III. DISCUSSION

Plaintiff seeks to raise false arrest and false imprisonment claims related to his arrest in 2018. False arrest and false imprisonment claims are two halves of the same coin and share the same basic elements—that the defendants arrested or confined a plaintiff without probable cause. *See James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) (false arrest); *Adams v. Officer Eric Selhorst*, 449 F. App'x 198, 201 (3d Cir. 2011) (false imprisonment). Although Plaintiff alleges that his arrest was "unlawful," he does so in conclusory fashion and fails to allege any facts which would suggest that he was arrested or detained without sufficient probable cause. Plaintiff has thus failed to allege a plausible claim for relief for false arrest or false imprisonment. Plaintiff's false arrest and imprisonment claims must therefore be dismissed for failure to state a claim upon which relief may be granted.

Although Plaintiff's failure to plead sufficient facts is sufficient to warrant the dismissal of Plaintiff's complaint, the Court notes that there are several additional issues with Plaintiff's complaint. First, Plaintiff's complaint largely concerns events that occurred between 2018 and late 2020. Federal civil rights actions filed in this district, however, are governed by New Jersey's two-year statute of limitations for personal injury actions. *See, e.g., Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013). Here, Plaintiff's false arrest and imprisonment claims accrued at the time he was held over by legal process. *See Wallace v. Kato*, 549 U.S. 384, 389-90 (2007); *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). This clearly occurred prior to Plaintiff's transfer to a mental health facility. Plaintiff's claims, accordingly, accrued in early 2018 and the two-year limitations period would have expired in 2020. Even if the Court assumes that Plaintiff's claim did not accrue until his stay in the psychiatric facility was extended by the passage of a state law in late 2020, the limitations period for Plaintiff's claims would still have run in late 2022, eighteen months before Plaintiff filed the complaint in this matter. Plaintiff's claims thus appear to be time barred. To the extent that Plaintiff seeks to file an amended complaint in this matter, he should address why his claims should not be dismissed as untimely raised.

The Court further notes that all four Defendants Plaintiff has named in the complaint are not persons subject to suit in a civil rights action. *See Mikhaeil v. Santos*, 646 F. App'x 158, 163 (3d Cir. 2016) (police department not a proper defendant in a civil rights matter); *Harris v. Hudson Cnty. Jail*, No. 14-6284, 2015 WL 1607703, at *5 (D.N.J. Apr. 8, 2015) (county jail is not a person subject to suit in a federal civil rights matter); *Martin v. Holloway*, No. 19-17070, 2020 WL 6194038, at *3 (D.N.J. Oct. 22, 2020) (state psychiatric hospitals are not persons subject to suit in civil rights matter and are otherwise immune from suit under § 1983). Thus, should Plaintiff choose to file an amended complaint, he must name a non-immune, proper defendant.

## IV.   CONCLUSION

For the reasons expressed above, Plaintiff's *in forma pauperis* application (ECF No. 1-1) is **GRANTED**, and Plaintiff's complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** in its entirety. Plaintiff is granted leave to file an amended complaint in this matter within thirty (30) days. An order consistent with this Opinion will be entered.

/s/ Michael A. Shipp
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE